THE STRAUSS BRO. CO. *v.* LONG, AUD., ET AL.

STRAUSS, EXR., *v.* LONG, AUD., ET AL.

THE AMERICAN FOUNDRY & MACHINE CO. *v.* LONG, AUD., ET AL.

THE STRAUSS BRO. CO. *v.* LONG, AUD., ET AL.

18

(Decided June 10, 1927.)

*Mr. Paul Scudder,* for plaintiffs in error.
*Mr. P. P. Boli,* for defendants in error.

CUSHING, J.   Harry J. Long, auditor of Butler county, Ohio, appraised and placed the real estate and buildings of the plaintiffs in error on the tax duplicate of said county.   An appeal was taken to the Board of Revision; thence to the State Taxing Commission; and from there to the Court of Common Pleas of Butler county.   This action is prosecuted to reverse the judgment of that court.

Counsel for plaintiff in error states that the question is "the regularity of the method pursued by the taxing authorities in determining what depreciation should be charged against the value of the respective properties."   We assume that this statement means that the properties were not taxed at their "true value in money."   Section 2, Article XII, of the Constitution of Ohio, provides:

"Laws shall be passed, taxing by uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise, and also all real and personal property according to its true value in money * * *."

The language, "taxing by uniform rule," was con-

strued in *Exchange Bank* v. *Hines, Treas.,* 3 Ohio St., 1, 15:

" '*Taxing*' is required to be '*by a uniform rule;*' that is, by one and the same unvarying standard. Taxing by a uniform rule requires uniformity, not only in the *rate* of taxation, but also uniformity in the *mode* of the assessment upon the taxable valuation."

There is nothing in the record to indicate the method used by the taxing officers in arriving at what they considered the true value in money of the buildings in question; nor to indicate that it was different in this instance from that employed in assessing other similar property. Counsel has not called our attention to any statute stating a rule by which taxing officials should be guided in ascertaining the true value in money of either the land or buildings.

The abstract question is presented, Did the taxing authorities and the court of common pleas err in the method adopted in estimating the true value in money of the property in question? From the record, it would be difficult to say that any one method was adopted. Numerous witnesses were called. Some valued the buildings from view, based on experience in appraising property for loan or sale purposes. Others testified from an engineering point. They qualified as architectural and constructing engineers. Reproduction costs, with allowance for age and depreciation, were considered. The use of the buildings, their rental value, and obsolescence were also testified to and considered.

Counsel argues that future use should have been considered.

It would seem that the use, rental value, and obso-

lescence would mean future use; and testimony on these questions would be some evidence of future use.

In the absence of any defined method of ascertaining value, the testimony in this case presents a situation where every circumstance affecting value was taken into consideration.

The court of common pleas, in stating its conclusion, used this language:

"In fixing the value of buildings many elements must be considered, among them location and rental derived therefrom. Some of the buildings in question in different locations would not be worth anything, but because of their location materially contribute to the rental income of the property.

"A certain per cent. per year cannot be charged off arbitrarily to arrive at depreciation and present values. The state of preservation and repairs, the purpose for which the building can be used, the income it produces, and its future useful life, are elements that should be taken into consideration in arriving at the per cent. of depreciation and present value for taxation purposes."

The suggestions of counsel for plaintiff in error, if followed, would necessarily result in this court substituting its judgment as to values and method of valuation for that of taxing officers, the Board of Revision, the State Taxing Commission, and the Court of Common Pleas, and for the evidence adduced.

All the elements of valuation suggested were considered, as shown by the record, and, in the absence of any substantive law controlling the question of valuations, we are bound to affirm the judgment.

*Judgment affirmed.*

HAMILTON, P. J., and BUCHWALTER, J., concur.